UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBBY MAPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:06-CV-337 |
| ) | (VARLAN/GUYTON) |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, and SEILER BLOCK CO., INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff Robby Maples ("Plaintiff Maples") filed this premises liability action against Seiler Block ("Defendant Seiler Block") under the common law of Tennessee, pursuant to 28 U.S.C. § 1367. Maples has also filed suit against Norfolk Southern Railway Company ("Defendant NSRC") under the Federal Employers' Liability Act. 45 U.S.C. §§ 51-60. He seeks to recover for injuries incurred while working for Defendant NSRC as a conductor on Defendant Seiler Block's property [Doc. 1]. The case is before the Court on Plaintiff Maples' Motion for Partial Summary Judgment on Plaintiff's Premises Liability Claim Against Seiler Block Co., Inc. [Doc. 22]. Plaintiff Maples argues that Defendant Seiler Block violated Tennessee's "Side Clearances" statute, Tenn. Code Ann. § 65-6-204(1), and is entitled to judgment as a matter of law on both the duty and breach elements of his negligence claim against Defendant Seiler Block because this violation constitutes negligence per se. In their responses, Defendants Seiler Block and NSRC argue that partial summary judgment is not appropriate for only a portion of a claim, particularly because there

remains substantial controversy as to proximate causation [Docs. 29, 32]. Plaintiff Maples replies that Defendant Seiler Block's response to the motion establishes that the wall was the proximate cause of his injuries and that this Court may consider the motion as ripe for consideration of complete summary judgment as to the premises liability claim against Defendant Seiler Block [Doc. 34].

The Court has carefully considered the parties' briefs [Docs. 22, 30, 32, 34] and supporting materials. For the reasons set forth herein, the Court will deny plaintiff's motion for partial summary judgment.

## I.  Relevant Facts

On November 21, 2005, Plaintiff Maples was injured while working for Defendant NSRC as a conductor on the property of Defendant Seiler Block located in Sweetwater, Tennessee [Doc. 31-2, pp.47].[1] While riding on the side of a railcar, Plaintiff Maples claims that his lower body hit Defendant Seiler Block's retaining wall running perpendicular to the railroad tracks. There were approximately 74.25 inches of distance between the centerline of the railroad track and the retaining wall [Doc. 31-6]. The clearance between the railcar and the retaining wall was approximately 11 inches [*Id.*]. Plaintiff Maples claims that there were no warning signs about the close clearance of the wall prior to the accident [Doc. 31-2, pp. 94-95].

---

[1] All page references to depositions will be to the actual deposition page number - not the docket entry page number.

Defendants NSRC and Seiler Block contend that Plaintiff Maples placed a protruding metal bar on the outboard steps of the railcar and straddled the bar while riding on the railcar [Docs. 30, 32]. They claim that this metal bar hit the retaining wall and caused Plaintiff Maples to fall [*Id.,* Doc. 31-6]. While the bar was straight prior to the accident, it was bent immediately after the accident [Doc. 31-4, pp.26-27]. Additionally, Plaintiff Maples rode on the side of the railcar allegedly in contravention of GR-13(a) and GR-15 [Doc. 31-2, pp. 65-66]. GR-13(a) provides:

> Employees must not: (a) Ride on close-clearance side, between, or on leading end of equipment moving adjacent to platform, building, or close-clearance structure. They must not stand between moving equipment and adjacent platform, building, or close-clearance structure.

[Doc. 29-5]. GR-15 provides that "[e]mployees riding side of moving equipment must maintain lookout in the direction of movement and must frequently look back" [Doc. 29-5]. Plaintiff Maples had worked as a conductor on Defendant Seiler Block's property previously, including on one occasion a few days before the accident [Doc. 31-2, p. 47].

Plaintiff Maples filed suit against Defendants NSRC and Seiler Block in this Court on September 1, 2006 seeking damages as a result of this accident [Doc. 1]. Defendants NSRC and Seiler Block both answered Plaintiff Maples' complaint on November 22, 2006 [Docs. 11, 12].

## II. Analysis

### A. Standard of Review

Under Rule 56(d), the court, on a motion for partial summary judgment, "shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." Fed. R. Civ. P. 56(d). In making this determination regarding material facts, the court must examine the pleadings and other evidence. Fed. R. Civ. P. 56(d); *See also Griffin v. Griffin*, 327 U.S. 220, 225-26 (1947). In order for the summary judgment procedure to be properly followed, "it becomes necessary to determine what facts appear without substantial controversy, and in light of those facts to direct such further proceedings in the action as are just." *Griffin*, 327 U.S. at 226.

Notably, "the burden of persuasion on a moving party by Rule 56 is a stringent one." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

### B. Premises Liability Claim

For a premises liability claim, a plaintiff must prove the elements of common law negligence, namely, (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause. *See Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004); *West v. East Tenn. Pioneer Oil*, 172 S.W.3d 545, 550 (Tenn. 1998). Additionally, a premises liability plaintiff must prove that (1) the dangerous or defective condition was "caused or created by the owner, operator, or his agent," or (2) "if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." *Blair*, 130 S.W.3d at 764.

Under the doctrine of negligence per se, "[t]he standard of conduct expected of a reasonable person may be prescribed in a statute." *Whaley v. Perkins*, 197 S.W.3d 665, 672 (Tenn. 2006). Thus, a violation of a statute may be considered negligence per se. *Id.* To establish negligence per se in Tennessee, a plaintiff must initially show that (1) "the statute violated was designed to impose a duty or prohibit an act for the benefit of a person or the public" and that (2) "the injured party was within the class of persons that the statute was meant to protect." *Id.* However, "the violation is evidence only of conduct falling below the reasonable standard of care." *Biscan v. Brown*, 160 S.W.3d 462, 476 (Tenn. 2005). A plaintiff must also prove that the statutory violation was the proximate cause of the injury to prevail on a negligence per se claim. *See id*.

5

In the initial supporting memorandum for his motion, Plaintiff Maples argues that he is "entitled to judgment as a mater [sic] of law on both the duty and breach elements of his negligence claim against Seiler Block" [Doc. 23]. He argues that Defendant Seiler Block violated Tennessee's side clearance statute which provides for clearances of eight feet for "[a]ll structures and obstructions." Tenn. Code Ann. § 65-6-204(1). While Plaintiff Maples did not address proximate causation in his initial supporting memorandum, he attempts to convert this motion into one for complete summary judgment in his reply [Doc. 34]. He claims that Defendant Seiler Block's response to this motion establishes the proximate causation element, so complete summary judgment is proper.

1. **Federal Rule of Civil Procedure 56(d)**

The relevant Federal Rule of Civil Procedure for motions for partial summary judgment is Rule 56(d) "Case Not Fully Adjudicated on Motion." Fed. R. Civ. P. 56(d). Rule 56(d) provides that the court "shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." *Id.*

Under the plain language of Rule 56(d), Plaintiff Maples cannot prevail on his motion for partial summary judgment. Rule 56(d) only provides for a court to "make an order specifying facts that appear without substantial controversy." *Id.* Thus, the plain language of Rule 56(d) does not contemplate or authorize summary judgment "for any portion of a claim less than the whole." *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 217 (7th Cir. 1946). Plaintiff Maples asks this Court to go beyond the mere specifying of uncontroverted facts and

to rule conclusively on the elements of duty and breach. As such actions are outside the scope of Rule 56(d), it would be improper for this Court to grant partial summary judgment in this case.

This conclusion is further supported by the discretion given to courts regarding partial summary judgment. A "court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation." *Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir. 1975). In the present case, denying partial summary judgment would best serve the "orderly administration of justice" in light of the genuine issues of material fact concerning proximate causation in the negligence per se claim. *Commonwealth Ins. Co. of N.Y. v. O. Henry Tent & Awning Co.*, 266 F.2d 200, 201 (7th Cir. 1959).

### 2. Proximate Causation

Perhaps recognizing the inappropriateness of partial summary judgment under the arguments presented in his first supporting memorandum, Plaintiff Maples attempts to convert this motion into one for complete summary judgment in his reply claiming that Defendant Seiler Block's response establishes the proximate causation element [Doc. 34]. Namely, Plaintiff Maples asserts that proximate causation is established because neither Plaintiff Maples nor the protruding metal bar would have touched the retaining wall if Defendant Seiler Block had complied with the Tennessee side clearance statute, Tenn. Code Ann. § 65-2-204(1).

There are obvious procedural problems with what Plaintiff Maples seeks this Court to do given that no motion has been made for complete summary judgment and that the opposing parties have not been given an opportunity to respond. Nonetheless, even if the necessary procedural steps were taken, he would still not prevail because there remain genuine issues of material fact as to proximate causation. Plaintiff Maples has presented evidence as to the lack of warning signs and the close clearance of Defendant Seiler Block's retaining wall [Doc. 31-2, pp.94-95; Doc. 31-6]. Defendants have presented evidence of Plaintiff Maples improperly riding on the wrong side of the railcar [Doc. 31-2, pp.65-67]. There are also questions as to whether Plaintiff Maples had notice of the wall because of his prior visits to Defendant Seiler Block's property, including one visit just days before the accident [Doc. 31-2, p.47]. Thus, there remain controverted facts relating to the proximate cause of the accident in this case.

Finally, "[p]roximate cause is for the jury to decide unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." *Cook By and Through Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 940 (Tenn. 1994). In light of the disputed facts discussed above, the question of proximate causation should be one left for the jury to decide. Accordingly, even if Plaintiff Maples were to take the proper procedural steps in moving for complete summary judgment, it would be improper for this Court to grant such a motion in light of the remaining genuine issues of material fact.

## III. Conclusion

For the reasons set forth herein, Plaintiff Maples' motion for partial summary judgment [Doc. 22] will be denied.

Order accordingly.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE